IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRIS WEGENER, JANET WEGENER, M.R.P., a minor, by his mother and next friend JANET WEGENER, and A.P.W., a minor, by her mother and next friend JANET WEGENER, <br><br> Plaintiffs, <br><br> v. <br><br> ANDREA SISCO PIKE and ROBERT W. PIKE, <br><br> Defendants. | No. 13 C 9250 <br><br> Judge Ronald A. Guzmán |

# MEMORANDUM OPINION AND ORDER

The case is before the Court on plaintiffs' motion for a temporary restraining order. The Court received written submissions from the parties and entertained oral argument. For the reasons set forth below, the Court grants the motion.

## Facts

Andrea Sisco Pike is the mother and mother-in-law, respectively, of plaintiffs Chris and Janet Wegener, and the grandmother of plaintiffs MRP and APW. (Am. Compl. ¶¶ 2-5, 11, 15.) In late 2011 or early 2012, Chris and Janet were looking for a piece of property on which to build a "family home which could act as a vacation house, and, if the need arose, a refuge for the family." (*Id.* ¶ 14.) Andrea proposed that she and her husband, defendant Robert Pike, give Chris and Janet the money to buy the property. (*Id.* ¶ 19.) Ultimately, Chris, Janet, Andrea and Robert orally agreed as follows: (1) Andrea and Robert would give Chris and Janet money to buy the land; (2) Chris and Janet would

use their own money to improve the property and build a home on it, and Andrea and Robert would later reimburse them for their expenditures; and (3) once the improvements were done and the house was built, Chris and Janet would deed the property to Andrea and Chris, who would place it in an irrevocable trust for the benefit of MRP and APW. (*Id.* ¶¶ 19-26.)

Pursuant to this agreement, in March 2012, Andrea and Robert gave Chris $33,000.00 to buy a piece of property in Wisconsin, Chris and Janet deeded the land to a company owned by Andrea and Robert, and Chris and Janet spent the next sixteen months designing and building a home on and making other improvements to the property. (*Id.* ¶¶ 25-39.)

On April 5, 2013, Andrea and Robert gave Chris and Janet $25,000.00 to buy an adjoining piece of land, with the understanding that it would also be subject to the parties' agreement. (*Id.* ¶ 32.)

On October 28, 2012, Andrea and Robert executed codicils to their wills, in which they "give all interest [in the property] equally" to APW and MRP upon their deaths. (*Id.* ¶ 40; *see* Verified Emergency Mot. TRO, Ex. 1, Compl., Ex. D, Codicils.) Andrea and Robert showed the codicils to Chris and Janet as proof of their intention to put the property in trust for APW and MRP. (Am. Compl. ¶¶ 41-43.)

On July 5, 2013, when all major construction was done on the second piece of land, Chris quitclaim deeded it to Andrea and Robert "so they could finalize the trust for MRP and APW." (*Id.* ¶¶ 50- 51.)

Andrea and Robert did not, however, put the property in trust for MRP and APW, and on July 7, 2013, they revoked the October 28, 2012 codicils to their wills. (*Id.* ¶¶ 45, 52.) Since then, Andrea and Robert have refused to allow plaintiffs on the land and to return various items of

2

plaintiffs' personal property. (*Id.* ¶ 52.)

On February 12, 2014, Andrea and Robert listed the property for sale with a realtor. (*Id.* ¶ 59.) This suit and motion followed.

**Discussion**

Plaintiffs ask the Court to restrain Andrea and Robert from selling the property. The Court can issue such an order only if plaintiffs show that: (1) they are threatened with irreparable harm; (2) they have no adequate remedy at law; (3) plaintiffs have some likelihood of success on the merits; (4) the harm they face outweighs the harm the injunction may cause to defendants; and (5) granting the injunction will not disserve the public interest. *Roland Mach. Co. v. Dresser Indus.*, 749 F.2d 380, 383 (7th Cir. 1984). These factors are measured on a sliding scale. *Id.* at 387. The greater the TRO applicant's likelihood of success, the less heavily need the balance of harms weigh in his favor and vice versa. *Id.* Thus, the Court will first address the likelihood-of-success factor.

To prevail on their claim for specific performance under Wisconsin law, which the parties agree governs, plaintiffs must prove that the parties entered into a valid contract to convey an interest, defendants breached the contract and plaintiffs were damaged as a result. *Nw. Motor Car, Inc. v. Pope*, 187 N.W.2d 200, 203 (Wis. 1971) (setting forth elements of contract claim); *see* Wis. Stat. Ann. §§ 840.01, .03 (stating that interests in real property include "future rights to, title to, and interests in real property," and "[a]ny person having an interest in real property may bring an action relating to that interest, in which the person may demand . . . specific performance"). Defendants contend that plaintiffs cannot prove the first element because the conveyance alleged here is not set forth in a writing that satisfies Wisconsin's statute of frauds. *See* Wis. Stat. Ann. § 700.03

3

(recognizing a future interest in land, *i.e.*, an interest that "does not entitle the owner to possession or enjoyment of the benefits of property until a future time"); Wis. Stat. Ann. §§ 706.001, .01, .02 (stating that a "transaction by which any interest in land is created, aliened, mortgaged, assigned or . . . otherwise affected in law or equity" must be by a written instrument that: (1) identifies the parties, the land, the interest conveyed and "any material term, condition, reservation, exception or contingency upon which the interest is to arise, continue or be extinguished, limited or encumbered"; (2) is signed on behalf of all parties and (3) is delivered).

However, "transactions [in] which an interest in land is affected . . . [b]y will" are explicitly excluded from the statute of frauds. Wis. Stat. Ann. § 706.001(2)(b). Moreover, even transactions that are subject to the statute but do not comply with it are still enforceable if "all of the elements of the transaction are clearly and satisfactorily proved" and the party against whom enforcement is sought "would be unjustly enriched if enforcement of the transaction were denied" or "is equitably estopped from asserting [the statute as a defense]." Wis. Stat. Ann. § 706.04. Plaintiffs have alleged and offered evidence that suggests this transaction falls into one or both of these exceptions. (*See* Verified Emergency Mot. TRO, Ex. 1, Compl., ¶¶ 19-47, 50-53; *id.*, Ex. D, Codicils; *id.*, Ex. E, Expense Listing; *id.*, Ex. H, Chris' Aff. ¶¶ 3-7.) They have also alleged and offered evidence that defendants breached the parties' contract and plaintiffs were damaged as a result. (*See id.*) Thus, they have shown that they have some likelihood of success on the merits.

Plaintiffs have also satisfied the other factors required to obtain temporary injunctive relief. It is well-settled that the loss of an interest in land is an irreparable injury that damages cannot redress. *See United Church of the Med. Ctr. v. Med. Ctr. Comm'n*, 689 F.2d 693, 701 (7th Cir. 1982) ("It is settled beyond the need for citation, however, that a given piece of property is

considered to be unique, and its loss is always an irreparable injury."). Defendants offer no evidence to suggest that a ten-day delay in their attempts to sell the property will inflict any greater harm on them than the harm plaintiffs may suffer if the TRO is not issued, and granting the TRO will not disserve the public interest.

In short, because plaintiffs have some likelihood of succeeding on the merits of their specific performance claim and the balance of equities heavily favors plaintiffs, the Court grants their motion for a TRO.

### Conclusion

For the reasons set forth above, the Court grants plaintiffs' motion for a TRO [24] and temporarily bars defendants Andrea Sisco Pike and Robert Pike from selling, assigning or otherwise transferring the property described as Lot 4 on Jackson County Certified Map 3632, located in the Southeast 1/4th of the Southwest 1/4th, section 22, Township 24 North, Range 6 West, Town of Garfield, County of Jackson, Wisconsin, and commonly known as W15602 County Road B Osseo, WI 54758. This order will expire at 5:00 p.m. on March 9, 2014 at 5:00 p.m.

**SO ORDERED.**          **ENTERED: February 27, 2014.**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**